IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,                         CR 02-17-H-CCL

     Plaintiff,

-v-                                                                    <u>ORDER</u>

CHARLES LEE REYNOLDS, JR.,

     Defendant.

\*\*\*\*\*\*\*

    Before the Court is the government's Motion to Dismiss (Document 59) Defendant Charles Lee Reynolds, Jr.'s Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document 54).  The government argues that Defendant's 2255 Motion should be dismissed because it was filed two years after the one-year time limit for filing a 2255 motion elapsed and no equitable ground

exists that would toll the limitation period.  The Court finds that the government's Motion to Dismiss correctly states the law and facts of the case and should be granted absent an equitable ground for tolling.

The Court has reviewed the record and for the following reasons determines that no such equitable ground exists.

Defendant Reynolds is a federal prisoner who appeared before this Court for sentencing on May 22, 2003, for the offenses of Identity Theft (Count I) and Bank Fraud (Count III).  Defendant's Sentencing Guideline range was a 57-71 month term of incarceration.  His Criminal History Category was VI.  The Court sentenced Defendant to a term of seventy-one months on both counts, to be served concurrently.  The Court dismissed Counts II (False Statement to a Bank)

and IV (Interstate Transportation of Stolen Property) upon the government's motion pursuant to the written Plea Agreement entered into by the Defendant and the government.  At the time, this Court considered this sentence to be lenient in view of the fact that the Presentence Report presented formal grounds (U.S.S.G. § 4A1.3) for upward departure based on an egregious criminal history not adequately reflected in Defendant's criminal history score.  The U.S. Probation Office recommended a sentence of 96 months based upon a proposed upward departure.[1]

Defendant asserts a procedural violation of Rule 5,

---

[1] Defendant had a State of Montana criminal record consisting of six prior felony convictions and sixteen misdemeanor convictions (plus 43 traffic tickets).  In addition to these old convictions, Defendant also had new state charges pending against him at the time he was arrested in Madison County, with additional state charges to be filed shortly thereafter, all for other crimes.

and that is the failure of the Madison County law enforcement officers to bring him before a judicial officer without unnecessary delay after his arrest. However, complaints of post-arrest delay are not cognizable in a post-conviction petition. "[C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure. *Hill v. United States*, 368 U.S. 424, 429 (1962).  Not "every asserted error of law can be raised on a § 2255 motion."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  That Defendant did not receive a timely initial appearance after his arrest was error. However, there is no relief that this Court can provide him for that error.  The right to a preliminary examination is not constitutional, as the right is created by statute and criminal rule, not by the U.S.

Constitution.  *Gerstein v. Pugh*, 420 U.S. 103, 123 (1975) (Fourth Amendment requires only that arrest be supported by probable cause determination); *Austin v. United States*, 408 F.2d 808, 810 (9th Cir. 1969) defendant is deprived of no substantial rights when a preliminary examination is not conducted); *see also United States v. Aranda-Hernandez*, 95 F.3d 977, 979-80 (10th Cir. 1996) (there is no federal constitutional right to a preliminary examination–"due process attaches only to a right to a judicial determination of probable cause.").

The purpose underlying the Rule 5 requirement that an arrested person be taken before a judicial officer without unnecessary delay is to discourage oppressive questioning of the arrested person.  *See Pollard v. United States*, 352 U.S. 354, 361 (1957) ("the delay must not be purposeful or oppressive").  "We have held

5

that where delay is not used to subject defendant to unwarranted interrogation, no prejudice results, and violation of Rule 5(a) does not warrant reversal." *United States v. Morrison*, 153 F.3d 34, 56 (2nd Cir. 1998).

There was no questioning of Defendant during the period of delay.  The Court cannot find in the record any evidence of the fruits of any questioning.  It also appears that the delay was caused by a genuine misunderstanding between the numerous law enforcement agencies and prosecuting authorities as to which authority was taking custody of the Defendant and prosecuting him first.  The record shows that the federal prosecutor believed that Defendant was in state custody when Defendant was writted out of state custody for the federal prosecution.

Defendant claims that the sentences imposed by the

state courts in 2003 were intended to be served concurrently with his federal sentence.  This is not correct.  In two cases, the state sentencing judge refused to impose a concurrent sentence:  Defendant was sentenced to terms of imprisonment for three felony counts in two criminal cases (CDC 2002-113 and CDC 2002-262) by state district court in Lewis and Clark County on July 24, 2003, and the state court intentionally declined to impose sentences concurrent with the federal sentences imposed by this Court.

Defendant asserts that his defense counsel erred by failing to delay the federal sentencing in this case until after the state sentencings.  This claim is utterly disingenuous.

Beginning with his first continuance motion on November 14, 2002, Defendant filed three to five continuance motions in each of his five pending

criminal cases in Lewis and Clark County.  (Document 55-5, Ex. E, Def's Brief in Support.) The docket in CDC 2002-113 indicates that "the Defendant advised the Court that he will submit a motion to continue all pending matters pending the outcome of the federal court sentencing."  (Document 55-5, Ex. E, CDC 2002-113 docket sheet, docket entry 35.)  Thus, Defendant actively pursued a strategy of obtaining a federal sentence first, apparently hoping to obtain concurrent state court sentences subsequently.  As noted above, Defendant was not completely successful in this strategy as the state district court did not impose all sentences to run concurrently with the federal sentence.

Next, Defendant complains that he was prejudiced by the Rule 5 violation because his statements made while in custody were used against him at the time of

sentencing. Defendant argues that one harm that has befallen him is that he received a two-point increase in his offense level for obstruction of justice. Defendant's PSR indicates that Defendant wrote three letters[2] to his father, the victim in the federal case, threatening the father and attempting to compel him into dropping the charges, and even attempting to squeeze $100,000 from him. (PSR at ¶¶ 39-40.) Defendant cites case law pertaining to confessions obtained illegally by law enforcement during unnecessary delays before first appearances. This argument is simply without merit because Defendant's

---

[2] According to the prosecutor's sentencing memorandum, these letters written by the Defendant were mailed on October 23, October 28, and November 1, 2002. (Document 37 at 2.) Interestingly, the prosecutor took the position at the time of sentencing that Defendant wrote the letters *after* he was *arrested* on *state* charges. (Document 37 at 2.) Furthermore, the prosecutor states flatly that "The Defendant was subsequently transferred into federal custody on November 26, 2002." (Document 37 at 2.)

statements do not qualify as confessions within the meaning of the *McNabb-Mallory* line of cases cited by Defendant.[3] These cases are not applicable because Defendant's statements are not confessions of guilt as to old offenses. Significantly, Defendant's statements were not acquired or in any way induced by means of the actions of law enforcement. This means that Defendant's statements, even if they did qualify as confessions, would not receive the evidentiary protection provided for such confessions by 18 U.S.C. § 3501 because they were not the product of interrogation. That statute provides that "[n]othing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by

---

[3] *See McNabb v. United States*, 318 U.S. 332 (1943); *Mallory v. United States*, 354 U.S. 449, 454 (1957).

10

anyone...." 18 U.S.C. § 3501(d).  Defendant of his own volition chose to write and send these letters to his victim.  Delay and errors in the criminal procedure notwithstanding, this Court declined to permit Defendant to shelter his obstructive conduct under cover of an allegation of government error.

   Defendant implies that he should have received concurrent sentences from both state and federal courts because the sentences were all for the same basic offense or transaction.  This is clearly incorrect.  Defendant was sentenced for conduct in federal court that was never addressed in state court, and the reverse was also true.  The conduct prosecuted in this Court involved Defendant's stealing his father's retirement savings by making withdrawals from a Helena bank using his father's social security number and the conduct also involved Defendant's purchase of a vehicle

11

on September 13, 2002, using his father's social security number to obtain a bank loan.

The conduct prosecuted in Lewis and Clark County involved Defendant's acquisition and utilization of five credit cards using his father's social security number as well as Defendant's forgery of a check on the bank account of Kleen King, a local business.  The conduct prosecuted in Madison County involved Defendant's two-hour high speed chase, during which Defendant ran a motorist off the road and rammed two law enforcement vehicles, at the conclusion of which controlled substances were found in Defendant's vehicle.  There is no over-lap between the conduct prosecuted in state court and federal court.

Moreover, even if Defendant's state court sentences had existed when Defendant was sentenced in federal court, he would not have been eligible for a U.S.S.G.

§ 5G1.3 credit for time served because his federal offense level was increased only two levels for Defendant's reckless conduct on the day of his arrest. That conduct underlies only two of the ten state felonies.  Thus Defendant received a minor enhancement in his federal sentence based on relevant conduct that-at most-constituted the basis for approximately 20% of his ten state court sentences.  Defendant's theory that U.S.S.G. § 5G1.3(b) should have been utilized to obtain credit for state time served is unpersuasive.  The Application Notes to § 5G1.3 specifically state that "[c]ases in which only part of the prior offense is relevant conduct to the instant offense are covered under subsection (c)[giving discretion to court to run sentences consecutive or concurrent]."  USSG 5G1.3, comment. (n. 2(A)).  Such credit for state time served does not make sense in

13

view of the sheer variety and lack of significant overlap between state and federal offense conduct. Such credit also does not make sense given that Defendant did not even have any undischarged terms of imprisonment at the time of his federal sentencing (due wholly to his own delaying tactics in state court), meaning that U.S.S.G. § 5G1.3 simply did not apply at the time of the federal sentencing.

Finally, Defendant's claim that this Court could have sentenced him concurrently with state court sentences that had not yet been rendered is not a correct statement of the law in this Circuit. *See United States v. Clayton*, 927 F.2d 491 (9th Cir. 1991).

Defendant's judgment was finalized on April 11, 2004. There is no equitable ground for exclusion from the statutory rule. Defendant had one year from that date, which would be by April 10, 2005, within which to

file a section 2255 motion.  *See* 28 U.S.C. § 2255(f)(1) (2008); *see also Johnson v. United States*, 544 U.S. 295, 299 (2005).  By this calculation, Defendant's motion is years late.

In asserting this time limitation defense, the government claims that Defendant was aware in December 2004 that the BOP took the position that Defendant could not begin serving his federal sentence until he was turned over to the federal detainer.  Defendant himself provides this documentation.  On December 16, 2004, the BOP responded to defense counsel's letter by stating that the federal district court did not impose its sentence concurrently with the state sentences.  (Document 55-6, Exhibit F, Def's Brief in Support.)  This letter provided Defendant with the last fact that he needed to assert any and all of his claims by section 2255 motion.

In 2003, Defendant knew that this Court did not sentence him to serve his federal sentence concurrently with his state sentences.  In 2003, Defendant knew that following his federal sentencing hearing on May 23, 2003, he was turned over to state authorities to be prosecuted and sentenced.  After that, Defendant knew in 2003 that he was delivered to Montana State Prison to begin serving his state sentences.  Defendant (and his counsel) spent the next four years arguing with defense counsel and the BOP to try to receive credit for time served from October 3, 2002, until he was turned over to the federal detainer.  No extraordinary circumstance beyond Defendant's control prevented him from filing a section 2255 petition within the one-year limitations period ending April 10, 2005.  Accordingly,

IT IS HEREBY ORDERED that the government's Motion to Dismiss Defendant's Motion to Vacate Sentence

(Document 59) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255 (Document 54) is DISMISSED and all relief is denied.

Finding that the Defendant has failed to make a substantial showing of the denial of a constitutional right and that no jurist of reason would debate the correctness of denying Defendant collateral relief,

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk is directed forthwith to notify the Defendant and counsel for the government of entry of this order.

Done and dated this 18th day of February, 2009.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE